UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40327
Summary Calendar
_____

RUMALDO SOLIS,

Plaintiff-Appellant,

versus

A. LAMAR PRUIT; CHARLES C. GREGORSKI, FBI
AGENT; ROBERT GARCIA, FBI AGENT; PEDRO RIVAS,
FBI AGENT; DON STAGGS, FBI AGENT; UNITED
STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. B-96-CV-232
_____

April 4, 2000

Before JONES, SMITH, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant Rumaldo Solis, a former INS inspector convicted of drug-trafficking charges, contests the district court's dismissal of his complaint against FBI agents for allegedly stealing about $30,000 of his money during a warrant-authorized search of his home. On appeal, he asserts that the agents violated

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his rights under the Fourth Amendment and 42 U.S.C. § 1985(3). We affirm.

Appellant has tried and tried to formulate some cause of action under federal or state law for which he can pursue the FBI officers. The district court affirmed the magistrate judge's recommendation that his complaint should be dismissed because, even giving him the pro se benefit of the doubt, he did not state a claim under the Federal Tort Claims Act or federal civil rights statutes. We affirm the district court's conclusion on different reasoning.

Solis's home was searched in January 1994 pursuant to a duly authorized search warrant issued because of his suspected drug-trafficking activities. As a report placed in the record by Solis demonstrates, Solis cooperated with the search and admitted to the agents that approximately $60,000 in U.S. currency was stashed in his house in various places. According to Agent Gregorski's report, Solis also stated that this money did not belong to him, but was held for him on behalf of his friends, Mexican nationals who authorized him to purchase items in the U.S. for them.

Although Solis allegedly reported possessing $60,000 in currency, the FBI's documents reflecting return of the search warrant indicated that only $30,050 had been confiscated.

In December 1996, Solis pled guilty and agreed "to waive any interest and stipulate to the factual and legal basis for forfeiture of any asset which is the subject of any administrative

2

or judicial forfeiture proceeding, whether criminal or civil." As the magistrate judge's report notes, however, Solis apparently reneged on this feature of his plea agreement by filing a contest to the seizure of the currency in question.

From these events, the following conclusions may be drawn. First, Solis disclaimed ownership of <u>all</u> of the currency when the agents originally discovered it. Second, he expressly agreed in his sworn plea agreement not to contest the forfeiture. Third, he now impliedly asserts that the currency was his and was not subject to forfeiture, for only upon satisfying these two conditions can he recover for alleged theft of the currency.

We see no reason that the federal court should countenance a lawsuit by Solis whose very essence contradicts his contemporaneous statements to the FBI and his plea agreement. Because of these blatant contradictions, the civil lawsuit is frivolous, and the claim has no chance of success. <u>See</u> 28 U.S.C. § 1915A.

On this basis, we affirm the judgment of the district court dismissing Solis's claim.

<u>AFFIRMED</u>.